IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiffs,<br><br>          vs.<br><br>MUSA J. HARRIS,<br><br>                          Defendants. | **4:15CR3041**<br><br>**MEMORANDUM AND ORDER** |

Defendant Musa Harris, who is represented by appointed counsel, has filed the following pro se motions:

| | |
|---|---|
| Filing No. 59: | Motion to Sever |
| Filing No. 62: | Motion and Demand for Disclosure of Exculpatory Evidence |
| Filing No. 65: | Motion For Early Disclosure Of Grand Jury Transcripts |

Having considered the pro se defendant's submissions, the motions will be denied.

Motion to Sever
(Filing No. 59)

Isa Harris and Musa Harris, co-defendants in this action, are siblings. They are charged in a Superseding Indictment with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Filing No. 31).

Generally, persons charged in a conspiracy or jointly indicted on similar evidence should be tried together. United States v. Lewis, 557 F.3d 601, 609 (8th Cir. 2009); United States v. Brown, 331 F.3d 591, 595 (8th Cir. 2003). But even when joinder is

proper under Rule 8, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, a judge may order severance if joinder at trial will prejudice the defendant.   Lewis, 557 F.3d at 609; United States v. Wadena, 152 F.3d 831, 849 (8th Cir. 1998).   Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed.R.Crim.P. 14.


When defendants are properly joined, a strong presumption exists in favor of trying the defendants together because a joint trial affords the jury the best perspective on all of the evidence, thereby increasing the likelihood of a correct outcome.   Lewis, 557 F.3d at 6099.   This presumption can only be overcome if the prejudice is "severe or compelling."   United States v. Crumley, 528 F.3d 1053, 1063 (8th Cir.2008).   The defendant seeking severance carries a heavy burden and "must show 'real prejudice,' that is, 'something more than the mere fact that [s]he would have had a better chance for acquittal had [s]he been tried separately."   United States v. Mickelson, 378 F.3d 810, 817 (8th Cir. 2004)(quoting United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (citing United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir.1988))).


Musa Harris argues "the spill-over effect" of Isa Harris' past and present bad acts will be unfairly prejudicial to Musa Harris if the defendants are tried together.   In support of this claim, Musa Harris outlines his work history, arguing he "would have to be two persons" to both run a full scale drug distribution network and perform his lawful

employment responsibilities.   He further argues any contacts with his brother in Nebraska were solely sibling family visits.

Musa Harris has presented no evidence that a jury will be unable to compartmentalize the evidence, by defendant, or that a limiting instruction would be insufficient.   He presents little more than speculation of potential prejudice.   His motion to sever will be denied.

## Motion and Demand for Disclosure of Exculpatory Evidence
### (Filing No. 62)

Musa Harris moves for production of all exculpatory material, statements, and Information in the government's possession, including Brady materials.   He argues: "To ensure that defendant, receives effective assistance of counsel and ultimately a fair trial, disclosure of exculpatory witness statements, documents and other information is essential." (Filing No. 63, at CM/ECF p. 9).

The court has already ordered counsel to "confer and accomplish discovery in accordance with NECrimR 16.1 and Fed.R.Crim.P. 16," further ordering the United States Attorney to "disclose Brady v. Maryland (and its progeny) material as soon as practicable." (Filing No. 41).   Musa Harris presents no claim that the government has failed to comply with this order.   His motion for disclosure of exculpatory evidence will be denied as moot.

## Motion For Early Disclosure Of Grand Jury Transcripts
### (Filing No. 65)

Musa Harris moves for an order requiring the government to disclose the testimony before the grand jury.   The Defendant is not entitled to this information absent a showing of "particularized need."   McAninch v. Wintermute, 491 F.3d 759, 767 (8th

Cir. 2007). In deciding whether a particularized need exists, the court considers "the extent of the need for continuing grand jury secrecy, the need for disclosure, and the extent to which the request was limited to that material directly pertinent to the need for disclosure." Id. at 767.

Defendant requests the testimony of heard by grand jury, arguing the testimony likely exaggerated or misrepresented the actual facts and he needs the testimony to prepare for trial. (Filing No. 66, at CM/ECF pp. 5-6). This conclusory and speculative statement is insufficient to show a particularized need for the grand jury transcript.

Accordingly,

IT IS ORDERED:

1) Defendant Musa Harris' Motion to Sever, (Filing No. 59), is denied.

2) Defendant Musa Harris' Motion and Demand for Disclosure of Exculpatory Evidence, (Filing No. 62), is denied.

3) Defendant Musa Harris' Motion For Early Disclosure Of Grand Jury Transcripts, (Filing No. 65), is denied.

4) Defendant Musa Harris is hereby instructed that all future motions and submissions, including any objection to this order, shall be presented to the court through his appointed counsel.

Dated this 30th day of September, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4