IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MUSA J. HARRIS,<br><br>　　　　　　　Defendant. | 4:15-CR-3041<br><br>TENTATIVE FINDINGS |

　　　The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 115) and argues for a variation from the sentencing guidelines.

　　　IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has filed an objection (filing 115) to the presentence report, on several grounds. First, he objects to the base offense level, based on his assertion that the witness statements upon which the drug quantity calculation is premised are not credible. Filing 115 at 1. The Court will resolve that issue on the evidence presented at sentencing, remembering that the government bears the burden to prove drug quantity by a preponderance of the evidence. *United States v. Young*, 689 F.3d 941, 945 (8th Cir. 2012).

Next, the defendant contends that he is safety valve eligible. Filing 115 at 1. The presentence report indicates that the government is unaware of the defendant giving any statements to law enforcement to help him qualify for the safety valve. The Court will also resolve this matter at sentencing, but on this issue, the defendant has the burden to show affirmatively that he has satisfied each requirement for the safety value, including whether truthful information and evidence have been given to the government. *United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005).[1]

Next, the defendant argues that he is eligible for a two-level minor participant adjustment pursuant to U.S.S.G. § 3B1.2(b). Filing 115 at 2. A minor participant adjustment applies to a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant, but whose role could not be described as minimal. *United States v. Durham*, 836 F.3d 903, 911 (8th Cir. 2016). The presentence report indicates that there is no available information to suggest that the defendant's conduct warrants a role adjustment.

The Court will resolve this issue at sentencing, considering the degree to which the defendant understood the scope and structure of the

---

[1] The Court also notes that the safety valve is available so long as the government receives the information no later than the time of the sentencing hearing, even if a defendant's last-minute move to cooperate is a complete about-face. *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 n.3 (8th Cir. 2010); *see also, United States v. Morones*, 181 F.3d 888, 891 (8th Cir. 1999); *United States v. Tournier*, 171 F. 3d 645, 646-47 (8th Cir. 1999).

criminal activity; the degree to which the defendant participated in planning or organizing the criminal activity; the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and the degree to which the defendant stood to benefit from the criminal activity. *Id.*, cmt. n.3(C). And the defendant bears the burden of establishing his entitlement to a minor-role reduction. *Durham*, 836 F.3d at 911.

Finally, the defendant argues that "based upon the totality of the circumstances, a variation from the guidelines is appropriate." Filing 115 at 2. The Court will consider this at sentencing, in determining the appropriate sentence pursuant to § 3553(a).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

- 4 -

Dated this 17th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge